Strafford,
Apr. 3, 1951. } No. 3978.

## SIMON MATER *v.* DOVER.

14

*Charles F. Hartnett* for the plaintiff.

*Donald R. Bryant,* city solicitor, for the defendant.

LAMPRON, J. The findings of the Court are amply supported and fully justified by the evidence. *Plourde* v. *Nashua,* 93 N. H. 376, 378; *Fortuna* v. *Zoning Board of Manchester,* 95 N. H. 211, 213. The fact that other real estate in the immediate vicinity will not be lessened in value by the allowance of the variance, that no sub-

stantial physical changes in the property are necessary or contemplated, that changes were commenced in ignorance of the ordinance, that the denial of the variance will impose a financial hardship on the plaintiff, do not as he contends entitle him as a matter of law to the relief which he seeks. *Stone* v. *Cray,* 89 N. H. 483, 488; *St. Onge* v. *Concord,* 95 N. H. 306, 308. They are merely factors to be considered by the Court in determining on the evidence presented if the plaintiff is entitled to relief under the provisions of section VI, D, 4c of the zoning statute (R. L., c. 51, s. 62 III) by which the board of adjustment is given power "to authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." The Court found that plaintiff was not so entitled and "it certainly cannot be said that no reasonable person could have reached such a conclusion." *Plourde* v. *Nashua, supra,* 378.

Plaintiff's contention that the Trial Court erred in not treating the trial as one *de novo* (*Vogel* v. *Board &c. of Manchester,* 92 N. H. 195) is not supported by the record. The Court specifically ruled in denying plaintiff's motion to that effect made after trial, that he did not act under the misapprehension that the plaintiff was not entitled to a trial *de novo.* The fact that the Court heard all the witnesses presented by both sides and made findings and rulings on the evidence so presented also refutes plaintiff's contention.

It is true that the Court inquired of the secretary of the board of adjustment as to the basis for their denial of the variance. He also stated in answer to an objection made by plaintiff's counsel to his so inquiring that it is "always a finding by the Court whether they exercised reasonableness. I have got to consider whether they acted properly," and he did so rule in his decree. Even though it can be argued that the Court's language and his ruling in that respect may not be technically correct, it amounts to no more, however, than a statement that he was seeking to determine on all the evidence whether or not a variance was warranted under the provisions of the ordinance, that he concluded it was not and that the board having reached the same result acted properly. *Sundeen* v. *Rogers,* 83 N. H. 253, 254.

Plaintiff's contention that the Trial Court erred in failing to

consider conditions or restrictions that could have been attached to the allowance of the variance requested is without merit. The Court could properly rule on the evidence that the plaintiff failed to prove that he was entitled to any variance from the terms of the ordinance. *Scott* v. *Davis*, 94 N. H. 35, 37. See note 168 A. L. R. 113. The question of conditions to be imposed upon a variance if granted was therefore immaterial.

It is very difficult to understand the logic of plaintiff's argument that the zoning as "Local Business District" of the area about one thousand feet away from plaintiff's premises, which contains the greenhouse and the grocery store previously mentioned, .constitutes spot zoning and invalidates the ordinance generally or at least in the area where plaintiff's property is situated and entitles him to the relief which he seeks. Unlike *Kimball* v. *Blanchard*, 90 N. H. 298, there is no evidence in this case that the zoning of the area in which plaintiff's premises are situated as a "Single Residence District" was not warranted by the character of the neighborhood and was not made in accordance with a comprehensive plan (R. L., c. 51, s. 52) and with a view to the future needs of the city as well as to its present conditions. *Edgewood Civic Club* v. *Blaisdell*, 95 N. H. 244, 246. The proper zoning of this area would not be affected by any invalid spot zoning of an adjoining area if such there were. *Edgewood Civic Club* v. *Blaisdell, supra.*

There was no error in the Court's failure to grant any of plaintiff's requests. Request 1 was granted insofar as it was material. Requests 2, 3, 4 referred to the future use of the property if the variance were granted; they were also immaterial. Requests 5, 6, 7, 8, 12 did not call for specific findings and there is no evidence that the Court did not consider. the factors therein mentioned in arriving at his decision. Requests 9 and 10 pertained to spot zoning and were immaterial to the issues in the case. Requests 11 and 15 have already been disposed of. We cannot see how plaintiff has been prejudiced by the Court's failure to grant requests 13 and 14 as the decree was not based on the traffic issue.

Plaintiff's motions after the decree do not raise any issue not already considered and disposed of.

The city of Dover and not the board of adjustment is the proper party defendant and the case has been so considered. *Kearney* v. *Hazelton*, 84 N. H. 228; see *Stone* v. *Cray*, 89 N. H. 483, 484.

*Exceptions overruled.*

All concurred.